UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                                             :          19 CR. 268 (TSC)

v.                                                                        :
AIMER ALBERTO ALVARAN POSADA      :

Defendant.                                                        :

**DEFENDANT'S MEMORANDUM RE: BURDEN
OF PROOF FOR CONTESTED SENTENCING HEARING**

**INTRODUCTION**

Defendant Aimer Alvaran pled guilty before this Court without a written plea agreement to Count One of the Indictment, which charged him with Conspiracy to Import Five Kilograms Or More of Cocaine into the United States, in violation of 21 United States Code Sections 959, 963. This Court has scheduled two days for the Government to present witness testimony concerning potential upward enhancements to the defendant's guideline sentence. For all the reasons set forth herein, the defense believes that the court should require the prosecution to establish the enhancements by clear and convincing evidence. [1]

**LEGAL ANALYSIS**

**1. The Government Has The Burden Of Proving Sentencing Enhancements**

The defense acknowledges that caselaw provides that during a contested sentencing hearing the Government needs to prove sentencing enhancements by "a preponderance of the evidence." See, e.g., United States v. Mohammed, No.CR 06-357 (CKK), 2022 WL 2802353, at *4 (D.D.C. July 18, 2022). Accord United States v. Carter, 591 F.3d 656, 659 (D.C. Cir. 2010) ("[w]hen seeking a sentence enhancement, the government must prove a prior conviction by a

---

[1] This Court reviewed a written summary of the evidence that the prosecution expects to introduce with respect to one potential enhancement and noted that it did not even rise to the level of a preponderance.

1

preponderance of the evidence"). See also U.S.S.G. Section 6A1.3 *Commentary*.

## 2. Clear And Convincing Evidence Is The Appropriate Burden Of Proof

Notwithstanding the contrary caselaw, the defense believes that a preponderance standard denies the defendant his right to due process. The Supreme Court has been clear that sentencing factors which affect mandatory minimum sentences must be proven beyond a reasonable doubt. The historical evolution of that principle provides persuasive support for the defense argument in this case.

In Apprendi v. New Jersey, 530 U.S. 466, (2000), the Court concluded that a New Jersey statute which permitted the sentencing judge to increase the maximum sentence if it found by a preponderance that the motive was to intimidate a person based upon *inter alia*, race was unconstitutional. "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 848. Two years later, in Harris v. United States, 536 U.S. 545 (2002), the Court refused to apply *Apprendi's* protections to statutory mandatory minimums, allowing the trial court to find by a preponderance that a defendant who "brandished" a firearm during a drug trafficking offense would have the mandatory minimum increased from five to seven years. Relying on its prior precedent in *McMilian v. Pennsylvania*, 477 U.S. 79 (1986), the Court reasoned that a sentencing factor which did not raise the maximum punishment did not implicate the defendant's right to have jury decide the contested facts beyond a reasonable doubt. Rather, the sentencing court had the discretion without the statutory maximum to impose the same sentence:

> [T]here is a fundamental distinction between the factual findings that were at issue in those two cases. *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has

> authorized the judge to impose the minimum with or without the finding As *McMillan* recognized, a statute may reserve this type of factual finding for the judge without violating the Constitution.

Harris, 536 U.S. at 557.

*Harris* was overruled by Alleyne v. United States, 570 U.S. 99, (2013), which concluded that any "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt and that "*Apprendi* 's definition of elements necessarily includes not only facts that increase the ceiling, but also those that increase the floor." Alleyne, 570 U.S. at 103, 108 (internal quotations omitted). Justice Thomas wrote that:

> Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's "expected punishment has increased as a result of the narrowed range" and "the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish." . . . . Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior

Id. at 113.

3. **The Sentencing Enhancements Operate As Quasi Mandatory Minimums**

This reasoning also applies when the district court determines the application of sentencing enhancements. Even though the sentencing guidelines are advisory, a "presumption of reasonableness" applies to a properly calculated guideline sentence. Rita v. United States, 551 U.S. 338, 347 (2007). While a district court may depart upwards or downwards, it must justify that decision:

> a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.

Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). *A fortiori*, a district court's final guideline calculation constrains its discretion as to the ultimate sentence imposed.

If evidence beyond a reasonable doubt is constitutionally required for mandatory minimum sentencing determinations, then due process should require at least clear and convincing.

4. **Recent Amendments To The Guidelines Support The Defense Position**

Finally, the defense position also finds support in the recent amendment to the federal sentencing guidelines which seeks to preclude the use of "acquitted conduct" as a sentencing factor. See U.S.S.G. Section 1B1.3 (Relevant Conduct). The Commentary notes that "acquitted conduct, however, is not relevant conduct for purposes of determining the guideline range."

The Amendment rejected the previously endorsed view that acquitted conduct could be considered by a sentencing court so long as it was established by a preponderance of the evidence. See, e.g., United States v. Settles, 530 F.3d 920 (D.C. Cir. 2008); United States v. Dorcely, 454 F.3d 356 (D.C. Cir. 2006). But see United States v. Bell, 808 F.3d 926, 929 (D.C. Cir. 2015)("allowing a judge to dramatically increase a defendant's sentence based on jury-acquitted conduct is at war with the fundamental purpose of the Sixth Amendment's jury-trial guarantee")(Millett, J. concurring in denial of rehearing *en banc*).

A defendant who is charged with multiple offenses, e.g., drug trafficking and possession of a firearm, at least has the right to proceed to trial and have a jury resolve guilt under the beyond a reasonable doubt standard. With respect to uncharged criminal conduct, however, a defendant has no such right and indeed, a district court can impose the sentencing enhancement based upon a preponderance. That is true for guideline enhancements such as leadership, or

others, which although not separate criminal offenses, limit the district court's sentencing discretion. Then D.C. Circuit Judge Kavanaugh, writing separately in *United States v. Bell*, *infra*, noted that:

> Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial. **If you have a right to have a jury find beyond a reasonable doubt the facts that make you guilty, and if you otherwise would receive, for example, a five-year sentence, why don't you have a right to have a jury find beyond a reasonable doubt the facts that increase that five-year sentence to, say, a 20–year sentence?**

Bell, 808 F.3d at 928 (D.C. Cir. 2015)(emphasis added). The due process concerns raised by Justice Kavanaugh similarly apply to the sentencing proceedings in this case. Judicial fact finding in this case could raise the defendant's guideline sentence multiple levels – which should not be predicated solely upon a preponderance of the evidence. To avoid a due process violation, this Court should conclude that the appropriate burden of proof is clear and convincing evidence.

## CONCLUSION

The defense is submitting this pleading prior to the contested sentencing hearing to inform the Court of this pending legal issue. The defense also requests the opportunity to submit a post-hearing pleading analyzing the testimony and any other evidence presented by the Government in support of potential sentencing adjustments.

    Respectfully submitted,

    *Robert Feitel*

    _____
    Robert Feitel, Esquire
    Law Office of Robert Feitel
    1300 Pennsylvania Avenue, N.W.
    #190-515
    Washington, D.C.  20004

D.C. Bar No. 366673  
202-255-6637 (cellular)  
RF@RFeitelLaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via email to NDDS Trial Attorneys Douglas Meisel and Joshua Katcher, this 14th day of October, 2025.

*Robert Feitel*

_____
Robert Feitel